IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOHN C. SKINNER, Register No. 1069523, )
)
            Plaintiff, )
)
    v. ) No. 07-4008-CV-C-SOW
)
JAY CASSADY, )
)
            Defendant. )

## REPORT AND RECOMMENDATION

      Plaintiff John Skinner brought this suit against defendant Jay Cassady, alleging that he used excessive force against him and intentionally slammed the food slot door on plaintiff's fingers.[1] Defendant Cassady filed a motion to dismiss, pursuant to 42 U.S.C. § 1997e(a), for Skinner's failure to exhaust his administrative remedies. Defendant states plaintiff began the administrative process, but did not complete it.

      In response, plaintiff asserts he filled out all of the necessary forms, and then requested additional forms when he did not get an answer to the final appeal. Thus, plaintiff states he exhausted all of the remedies that were available to him.

      Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be

---

      [1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Defendant submitted a certified copy of some grievance documents on file with the Department of Corrections relevant to this incident. Defendant implies that all of the documents were submitted, but the certification does not state that no other documents were received. Likewise, defendant did not submit an affidavit in support of his assertion that the final step in the administrative process was not taken or that forms would have been given to plaintiff if he had asked for them.

In his signed complaint and in later documents, plaintiff states he filed his grievance appeal immediately and that no response was received. He says he asked for a response and for another appeal form and did not receive them. Additionally, plaintiff has submitted statements from other inmates indicating they have heard plaintiff request grievance forms and not receive them.

Based upon plaintiff's litigious history, he should be fully aware of the exhaustion requirements and the institutional procedures. The court is somewhat skeptical that plaintiff was unable to obtain another grievance appeal form, but will give plaintiff the benefit of the doubt on this one occasion. In the future, plaintiff should make sure he has completely exhausted his administrative remedies prior to filing suit and make sure that he has completed the appeal process in accord with the relevant requirements. If plaintiff cannot timely obtain forms, he should notify the appropriate grievance officer or someone with more authority, while continuing to comply with prison rules and regulations. Plaintiff should also make sure that any problems he may be having in obtaining forms are not caused by his abuse of the process.

In light of the above and giving plaintiff the benefit of the doubt that he submitted the grievance appeal form and was unable to obtain another appeal form, it is hereby

RECOMMENDED that defendant's motion of April 30, 2007, to dismiss be denied. [18]

2

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 4th day of December, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3