IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOHN C. SKINNER, Register No. 1069523, )
)
                 Plaintiff, )
)
          v. )   No. 07-4008-CV-C-SOW
)
JAY CASSADY, )
)
                 Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri penal institution, commenced this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging a violation of his federally protected rights.[1]

On June 2, 2008, defendant filed a motion to dismiss plaintiff's claims, pursuant to Fed. R. Civ. P. 41(b). On June 17, 2008, plaintiff was directed to show cause why the motion to dismiss should not be granted. Plaintiff was further directed to provide the court with his current address. Plaintiff was advised that if he did not comply with the order, his claims may be dismissed under the provisions of Fed. R. Civ. P. 41(b). Plaintiff's mail was returned as undeliverable. As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with "a court order." Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); see Stanley v. Continental Oil Co., 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). See generally 15 A.L.R. Fed. 407 (1973).

Here, plaintiff has ignored orders of the court and has done nothing to prosecute his claims for some time.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

IT IS, THEREFORE, RECOMMENDED that defendant's motion to dismiss be granted and plaintiff's claims be dismissed for failure to prosecute and to comply with orders of the court, pursuant to the provisions of Fed. R. Civ. P. 41(b). [52]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 18th day of July, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge